Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 A contract for the exchange of lands is as much within the statute of frauds as a contract for their sale, and a party seeking to enforce a specific execution of a parol contract for that purpose, must bring himself within the same conditions before he can invoke the aid of a court of equity. The statute, which requires such contracts to be in writing, is equally binding on courts of equity as courts of law. Every day’s experiénee more fully demonstrates that this statute was founded in wisdom, and absolutely necessary to preserve the title to real property from the chances, the uncertainty, and the fraud attending the admission of parol testimony. It has been often regretted by judges that courts of equity have not required as rigid an execution of the statute as courts of law.
 

 Nevertheless, courts of equity have, in many instances, relaxed the rigid requirements of the statute; but it has always been done for the purposes of hindering the statute made to prevent frauds from becoming the instrument of fraud.
 

 A mere breach of a parol promise will not make a case for the interference of a chancellor. It is plain that a party who claims such interference has the burden of proof thrown on him. Tie knows that the law requires written evidence of such contracts, in order to their validity. He has acted with great negligence and folly who has paid his money without getting his deed. When he requests a court to interfere for him, and save him from the consequences of his own disregard of the law, he should be held rigidly to full, satisfactory, and indubitable proof—
 

 First.
 
 Of the contract, and of its terms. Such proof
 
 *518
 
 must be clear, definite, and conclusive, and must show a contract, leaving no
 
 jus deliberandi,
 
 or
 
 locus pomitentice.
 
 It cannot be made out by mere hearsay, or evidence of the declarations of a party to mere strangers to the transaction, in chance conversation, which the witness had no reason to' recollect from interest in the subject-matter, which may have been imperfectly heard, or inaccurately remembered, perverted, or altogether fabricated; testimony, therefore, impossible to be contradicted.
 

 Second.
 
 That the consideration has been paid or tendered. But the mere payment of the price, in part or in whole, will not, of itself, be sufficient for the interference of a court of equity, the party having a sufficient remedy at law to recover back the money.
 

 Third.
 
 Such a part performance of the contract that its rescission would be a fraud on the other party, and could not be fully compensated by recovery of damages in a court of law.
 

 Fourth.
 
 That delivery of possession has been made in pursuance of the contract, and acquiesced in by the other party. This will not be satisfied by proof of a scrambling and litigious possession.
 

 The application of these principles to the case before us will show that the plaintiff has wholly failed to establish a case proper for the interference of a court of equity.
 

 We do not think it necessary to a vindication of our judgment to give a history either of the pleadings or evidence disclosed by the record. The case appears to have been carried on by the parties
 
 proprid personé,
 
 who are excusable for their ignorance of all the rules of pleading and practice in a court of chancery, or the proper mode of taking testimony. The merits of the case seem to have been tried in a verbal wrangle before two justices, and afterwards converted into a written one for the consideration of the court.
 

 Taking the complainant’s bill to be a correct statement of the facts, he has shown no case for the interference of the court. By his statement, the contract was not intended
 
 *519
 
 to Re left in parol; but when tbe parties had each examined the properties proposed to be exchanged, they contemplated to come together and perfect the exchange. If either party had delivered a deed, in execution of the “trade” or bargain, and the other refused to fulfil his part, by making a proper conveyance, or if valuable improvements had been made by the party in possession, there would have been a ease for a decree of specific execution. As it was, the defendant declined to go on with the “trade,” alleging that the plaintiff’s farm was incumbered. He had given the key of the house to the complainant, which was set up as a delivery of possession, while the defendant denied any intention to make such delivery, and took forcible possession of his house. “While this contest about the possession was going on, the defendant sold his house, and conveyed it to the wife of his counsel, who carried on the litigation for him before the justices, and here.
 

 The bill must fail—
 

 1. For want of clear, definite, and conclusive proofs of the contract.
 

 2. For want of any delivery of peaceful and uninterrupted possession.
 

 3. Or of valuable improvements made.
 

 We find no part execution on either side, nor anything but a breach of promise, and a consequent quarrel before the contract of exchange was executed.
 

 Decebe aeeiemed.
 

 Hote.
 

 Same
 
 v.
 
 Same.
 

 AeteR the decision above made, the complainant, Purcell, asked leave of this court to file a petition for a bill of review in the court below. lie had already asked in that court, leave to file such a petition; but the leave was not granted.
 

 The petition asked the leave on two grounds.
 

 The first ground consisted in the material evidence which it
 
 *520
 
 was said, could be given by Purcell himself, he being rendered competent to testify in his own behalf since the final decree in March, 1864,
 
 by
 
 the act of Congress of 2d July, 1864, which, for the first time, enabled parties to testify in their own cases. And it being alleged that the new evidence which he would be able to give would establish,—
 

 Messrs. Brent and
 
 Merrick,
 
 for the petitioner.
 

 By the new evidence the right of complainant to specific performance would be made out.
 
 *
 

 In addition there was error in law, — since the legal title had passed to Mrs. Minor, — in not decreeing against her,
 
 pro con-fesso,
 
 under the rules of this court adopted by the court below.
 

 1st. The clear and definite terms of the contract of exchange.
 

 2d. Part performance of the verbal contract, by each party taking possession of the exchanged property in execution of the contract, and by improvements made.
 

 3d. The tender of a deed of conveyance from the petitioner to Coleman, and his refusal to accept it.
 

 All which facts it was alleged were in the exclusive knowledge of the petitioner.
 

 Besides this new evidence, the petition set forth newly discovered evidence by one Calvert, and others, tending to show distinct and unequivocal acts of possession, by Coleman, of the farm in Virginia, and his improvements thereon under, and in pursuance of the contract of exchange.
 

 Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 Wo have just decided this case and affirmed the judgment below, because by the complainant’s own statement in his bill he has shown no sufficient grounds for a court of equity to grant him the relief sought. We will not repeat the points there decided. The case was too plain to leave any possible doubt respecting the correctness of our decision. Moreover, the record showed an application made in the court below, before the appeal to this court, for a bill of review, which was decided by this court to have been properly refused. But it seems that the appellant is not satisfied with the judgment of the court, and
 
 *521
 
 now makes an application to the court for leave to file
 
 another
 
 bill of review in the court below.
 

 "We have no doubt that the complainant honestly believes that he has been greatly wronged by the defendant below, who has taken the liberty of breaking his promise with regard to a parol contract for an exchange of property with the complainant ; but we had supposed that in the opinion just delivered, we had shown clearly to the satisfaction of any person who did not suffer uuder some obliquity of mental vision, that by his own statement of his case, the complainant had mistaken his remedy; and that although he may have suffered a wrong by the defendant’s want of good faith, he had not presented a case which required a court of equity to disregard the statute of frauds, because it had been used for the jmrpose of committing a fraud. As if a party to a contract of exchange had received a deed and kept the land; refusing to give a conveyance for the land given in exchange.
 

 But in this case there was nothing shown but a broach of promise and a scrambling possession, followed by litigation. The present application shows more perseverance and faith in the applicant than discretion or judgment; and presents not a single feature of a case proper for a bill of review.
 

 By Lord Chancellor Bacon’s rules, it was declared: “Ho bill of review shall be admitted except it contain either error in law appearing in the body of the decree without further examination of matters in fact, or some new matter which hath arisen in time after the decree; and not on any new proof which might have been used when the decree was made. Nevertheless, upon new proof that is- come to light after the decree was made, which could not possibly have been used at the time when the decree passed, a bill of review may be granted by the special license of the court and not otherwise.”
 

 We will not put ourselves in the position of seriously noticing the reasons offered for a review.of this case. Suffice it to say that the petitioner has not presented a single feature of a caso within the rules. He offers no new evidence, but what he might as well have produced before, and which, if it had been produced, would not have justified a decree in his favor.
 

 Motion denied.