Cartter, Ch. J.,
delivered the opinion of the court orally, in substance i s follows:
All the judges who heard this cause are of opinion that the complainant has made out a case which- entitles him to relief. The memorandum of an agreement prepared by one of the parties at the time of the alleged bargain, and signed by both, wouiu be complete in its technical form if it identified the property to be given by the defendant in the contemplated exchange. Perhaps it is fair to consider this deficiency supplied by the deed containing a full description of the property on Delaware avenue, which Bigelow delivered to the complainant, in order to define the property which he *450 proposed to convey; and the same remark is equally true in regard to the farm in Fairfax county, Virginia, a title deed of which had also been delivered to complainant for the same purpose.
The memorandum is in some degree informal as to the defendant’s property, for it contains no description by which it can be identified ; but if, in connection with the memorandum, the title deeds were delivered up as containing a full and complete description of the property offered in the bargain, is not that equivalent to a fuller memorandum ? One party says: “ I propose to let you have the house and lot in which I reside, on Eighth street, in this city,” and makes out a deed and delivers it. The other party, in return, proposes to give a house and lot on Delaware avenue and a farm in Fairfax county, Virginia, and furnishes his titles to both, for the purpose of describing what he proposes to sell or give in exchange. This proceeding leaves nothing, in fact, vague or indefinite between the parties. But if this is at all questionable, we are still unanimously of opinion that the contract for the exchange of land by parol is clearly made out by the testimony, and that it has been performed on the part of the complainant. Aside from the testimony of the complainant and his witnesses, the acts of the parties afford convincing proof of this. The complainant made out a deed of his house and lot on Eighth street, which he delivered to Bigelow in fee-simple, which the latter puts on record. It is true he says he had it recorded as a security for the $525 which he had advanced on account of the trade, and he asserts it was a loan. In the agreement this sum was to be paid, $25 of it to be for repairs on the Delaware-avenue property. Not a word was said about this being a loan at the time of the advance. The money was paid on two distinct occasions. The money for repairs was drawn upon a tenant, by a written order from Bigelow, and the tenant was informed, in writing, that Armes had purchased the property, and afterwards he was informed verbally to the same effect, by Bigelow himself. Indeed, there was not a solitary badge *451 that this money was advanced as a loan. No note was given or spoken of; no period of payment was stipulated for; no interest provided for, and no repayment in any manner proposed. It was not a loan, for the simple reason that it was advanced as paid payment, in pursuance of the agreement, to make an exchange of lands. Bigelow went into possession of the house and lot on Eighth street, and has ever since continuously rented the same for his own use. The agreement has thus been wholly performed on the part of the complainant. Simultaneous with these acts the complainant took possession of the house and lot on Delaware avenue, repaired it, and offered it for rent, not as an agent, but exclusively in his own right. And it was at this time that Bigelow informed one of the-witnesses that he had sold the property to Armes. It is also in evidence that a deed in fee-simple was prepared by Bigelow, and was not fully executed by reason of the absence of his wife from the city. He has made no tender back of the title he has received, nor of the possession of the house on Eighth street, but he holds on to all he has received, and asks the court to excuse him from rendering in return what he promised to give.
The equity appears to us to be very clearly with complainant. Conceding that the agreement was entirely verbal, and therefore within the statute of frauds, yet it has been wholly performed by the complainant; and it is-now too late for Bigelow to repudiate it, and he is bound to perform what remains executory. A decree will be made compelling him to do so.
Mr. Justice MacArthur :
I am rather of opinion that it will be necessary in this case to refer to the testimony for the purpose of ascertaining the circumstance of a parol agreement. The memorandum does not sufficiently describe the subject-matter of the contract to take it out of the operation of the statute of frauds. “I propose to give my house on Eighth street, subject to $2,000,” is so described that it can be identified by reference to the *452 circumstance that it is the only house of the party on that street. But a “ house on Delaware avenue and a farm in Fairfax county, Virginia,” is not such a description of property as identifies it otherwise than as being located in a certain county of a.neighboring State, or on one of the avenues in this city. It does not import any particular piece or parcel of real estate that is bargained for. It does not appear what land is embraced in the agreement, and it is, therefore, too vague and uncertain, either to be the basis of a conveyance or a decree. I am, however, quite clear that the evidence leaves no doubt of a parol agreement, and that the property which was the subject of the trade was'pointed out, and that each party knew of whát it consisted, and where it was situated. It is in this connection that the deed relating to the farm in Fairfax county, Virginia, can be used with effect, as containing a description of the precise piece or parcel of land which w'as included in the sale or exchange; and the deed of the house and lot on Delaware avenue is available for the same purpose. There could be no mistake as to the property to be sold according to the terms of the verbal contract. Bigelow denies the agreement, and he undertakes to contradict two witnesses — the party who files the bill and another who was present and heard the conversation, and who states the terms of the agreement distinctly and clearly. On that occasion a memorandum was made and signed by both parties. It was afterwards destroyed by Bigelow without the knowledge of the complainant, and a circumstance of this kind raises a suspicion unfavorable to his good faith; so that he is not only contradicted by witnesses, but by his own signature. There can be no doubt of the agreement. It is unnecessary to refer to all the testimony on this branch of the ease, as the chief justice has pointed it out. The conduct of the parties immediately afterwards cannot be reasonably refen*ed to any other cause. It has been performed by one of the parties, and Bigelow has received, and is now in possession of, plaintiff’s property, and proposes to keep it indefinitely. It is now too late for him to rely upon the statute *453 of frauds; for a court 'of equity, notwithstanding that statute, will compel him to execute one conveyance after having obtained another to himself under this very agreement. It is a rule of equity, that where there is a parol agreement, by which parties thereto agree to convey lands to each other, and one of them has acquired the legal title to the lands of the other, and holds and uses the same as his own, a court of equity will compel him to perform the agreement, although it was not reduced to writing. On this principle I rest the decision of this ease, and I think that all the stringent requirements prescribed by the decision in Purcell v. Minor, 4 Wall., 513, find their complete fulfillment in the facts and testimony of this cause.
1 concur in the judgment of the court, that Bigelow should be compelled to perform.