[No. 3546.   Decided November 7, 1900.]

DANIEL O'CONNOR, *Respondent, v.* HUGH JACKSON *et al.,*
*Appellants.*

SPECIFIC PERFORMANCE—PLEADING—SUFFICIENCY OF COMPLAINT.

In an action to enforce the specific performance of an oral
agreement for the conveyance of land, the complaint is subject
to demurrer for want of facts when it does not set forth the
character and terms of the agreement whose enforcement is
sought, nor show that the plaintiff has performed his part of the
contract, or that he is ready and willing to do so; nor is the

want of such allegations aided by allegations showing that plaintiff had taken possession under the contract and made improvements in reliance thereon.

Appeal from Superior Court, Klickitat County. Hon. ABRAHAM L. MILLER, Judge. Reversed.

W. B. Presby and Huntington & Wilson, for appellants.

Brooks & Snover and Coovert & Stapleton, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action praying for specific performance, viz., to compel the appellants to deed to respondent a certain tract of land. A demurrer was interposed to the complaint for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and, the appellants electing to stand upon the same, judgment was entered, from which judgment appeal is taken to this court.

After alleging title to the land in Hugh Jackson and Lottie Jackson, the complaint continues as follows:

"That on the said 12th day of July, 1893, the said defendants, in consideration of the sum of $500, to be paid in the manner then agreed upon, sold their said interest as above alleged in the said tract of real estate and the tenements, hereditaments, and appurtenances thereunto belonging, to one T. L. Masters, and then and there the said defendants promised and agreed to make, execute and deliver to the said T. L. Masters a good and sufficient warranty deed to the said undivided one-half interest in the above described tract of real estate; and the said defendants did then and there, in pursuance of the said contract of sale, surrender the possession of the said real estate, or their interest therein, then and there sold, and which they. agreed to convey to the said T. L. Masters, and he, the said T. L. Masters, then and there in pursuance of said

15—23 WASH.

contract of sale, and relying upon the agreement to convey as hereinbefore alleged, took possession of the interest in the said real estate purchased by him from said defendants.

That the possession of the interest in said premises so taken by the said T. L. Masters was in pursuance of said contract of sale, as hereinbefore alleged, and was with the knowledge and consent of the said defendants and each of them, and that the said possession of said premises has been continued since that date at all times by the said T. L. Masters and this plaintiff, as his grantee, up to the date of the commencement of this action; that this plaintiff is now in the possession thereof.

That after the said T. L. Masters took possession of the said premises in pursuance of the said contract of sale, he expended a large sum of money, to-wit, the sum of $100 in improving the said premises and repairing buildings then situated thereon; that the said expenditures were made in the said improvements and repairs of said premises and the buildings situated thereon in pursuance of the contract of sale as hereinbefore alleged, and of the agreement to execute a deed as made by the said defendants, and were made with the full knowledge and consent of the said defendants, and each of them; and the said defendants, and each of them, knew that the said expenditures were made by the said T. L. Masters in the improvement of the said premises and the repair of the buildings situated thereon, in pursuance of, and relying on, the said contract of sale and agreement to convey as aforesaid.

That on the 4th of October, 1894, the said T. L. Masters and Mary Masters, his wife, for a good and valuable consideration, to-wit, the sum of $500, sold, and by quitclaim deed conveyed, all their right, title, and interest in the above described lot and parcel of real estate to this plaintiff, which deed was on the 19th of October, 1894, filed for record with the auditor of Klickitat county, state of Washington, and recorded in book I, on page 234, of the deed records of said office, and this plaintiff was on the said 4th day of October, 1894, placed in possession of said premises by the said T. L. Masters and Mary

Masters, and plaintiff has ever since said date continued in and is now in possession of the same.

That since this plaintiff took possession of the said premises he has expended about the sum of $—— in improvements, and repair of the said premises and the buildings situated thereon. That the sale was made to this plaintiff, and the said possession given to this plaintiff, and the expenditure of money thereon in the improvement and repair thereof was made, with the full knowledge and consent of the said defendants, Hugh Jackson and Lottie Jackson, and each of them; and that the said sale made by the said Masters and wife to this plaintiff was made, and the possession by this plaintiff was taken, and the expenditure of money in improvement and repair of said premises was made in pursuance of, and relying upon, the contract of sale and agreement to convey made by the said Hugh Jackson and wife with the said T. L. Masters, as hereinbefore alleged, which fact the said Hugh Jackson and Lottie Jackson well knew.

That neither the plaintiff or the said T. L. Masters have received sufficient from the use, rents, issues and profits of the said premises to reimburse them for the monies expended in the improvements and repair thereof, and unless the said defendants, Hugh Jackson and Lottie Jackson, his wife, are directed by an order of this court to specifically perform the said agreement to convey, as hereinbefore alleged, this plaintiff will suffer irreparable damage.

That on the 23d day of May, 1899, the said Hugh Jackson and Lottie Jackson executed a quit-claim deed to the said undivided one-half interest in said premises to one Harry J. Dunn, the defendant herein, which said deed appears of record in book K, on page 582, of the deed records of Klickitat county, Washington; that the said deed was taken by the said defendant Dunn with full knowledge of the title and interest of this plaintiff in said premises, and was so taken by him while occupying said premises as tenant of this plaintiff and one James P. Leverett, the owner of the other undivided one-half interest thereof, under a written lease for one year.

That the said deed so executed by said Jackson and

wife to the said defendant Dunn, which appears of record aforesaid, is a cloud upon plaintiff's title."

It is contended by the appellants that the complaint is defective in that it does not state the terms or conditions of the contract sought to be enforced. We think this contention must be sustained. There cannot be found in the complaint an allegation that the respondent performed his part of the contract, or that he is now willing or ready to perform it. A party is presumed to know that the law requires that contracts for the sale of land must be in writing, and there is no principle of equity jurisprudence better settled than that, where a party asks the interposition of a court of equity to relieve him from the consequences of his own negligent acts or disregard of the requirements of law, the contract upon which he relies to escape the harsh results which sometimes follow the enforcement of the statute of frauds must be clearly and unequivocally pleaded and proven. The statute was enacted in the interest of society and good morals, and it cannot be lightly overthrown or disregarded. It is true that, where a fraud would be visited upon a party litigant by the rigid enforcement of the law, he may be relieved by equity and his parol contract enforced, but always with the qualification that the burden is placed upon him to prove the contract by indisputable evidence, and the allegations must, of course, be sufficiently explicit to admit the required proof. It is true that the allegations of paragraph 5 of the complaint are to the effect that Masters took possession of the premises in pursuance of the contract of sale, that he expended a large sum of money in improving the said premises, etc., and that said expenditures were made for said improvements in pursuance of the contract of sale, and in reliance on the contract and the agreement to convey. But he might do all this and

yet, if he did not fulfill his part of the contract, he could not enforce specific performance. In the language of the old books, he must be ready, willing, and able to perform his part of the contract. There is no allegation in this complaint that will meet either requirement; nor is there any attempt to set forth the condition of the agreement upon which the conveyance was to be made. The allegation is that, in consideration of the sum of $500, to be paid in the manner then agreed upon, the appellants sold their interests and promised to make, execute, and deliver a good and sufficient warranty deed, etc., but what that agreement was there is no attempt whatever to show. The respondent contends the allegation of the complaint to be that the appellants sold their interest in said property, and it must be deduced from the complaint that there was nothing left to be done but to make the legal conveyance. We cannot so understand the complaint. The complaint must be construed as a whole, and, while the language of paragraph 3 is that they sold their interest, yet it is coupled with the qualification that such sale was made in consideration of the sum of $500, to be paid in the manner then agreed upon. The complaint in several sections thereafter speaks of the contract of sale and treats the actual transaction as a contract of agreement to convey, instead of an actual sale. This is shown by the concluding sentences of paragraphs 5 and 7 of the complaint. But, under the rule which we have announced in relation to the character of declarations and proofs to be made in cases of this kind, the court will not depend upon deductions. As we have before indicated, the case of remedy must be made out clearly and unequivocally. Mr. Warvelle, in his work on vendors, vol. 2, p. 783, announces the rule as follows:

"It is a well established rule that the primary inquiry in all cases where enforcement is sought of a parol agree-

ment for the conveyance of land, goes to the existence of the contract itself, and, before anything else can be shown relative to its fulfillment, all its terms and conditions must be clearly and definitely established by unequivocal and convincing proof. If the evidence fails to establish the contract as alleged, or if any of its terms are left in doubt or uncertainty, or if any material part of it still rests in treaty and remains to be settled by further negotiation, it will not be specifically enforced. It must further be made to appear that the terms and stipulations of the contract have been relied on by the party seeking its enforcement."

The last provision is covered by the complaint, but it has failed to comply with the first. So far as this complaint is concerned, it does not appear that the $500, or any portion thereof, agreed to be paid, has ever been paid, or that the respondent is willing to pay the same, or any portion thereof. We think the complaint in this respect, when subjected to a demurrer, is plainly faulty. This conclusion renders it unnecessary to enter into a discussion of the other questions argued in the brief in relation to the demand. We have examined in detail the cases cited by the respondent, but do not think they are in point here, nor do we think there is any question of estoppel shown by the allegations of the complaint.

For the reasons assigned, the judgment will be reversed, with instructions to the lower court to sustain the demurrer to the complaint.

ANDERS, FULLERTON and REAVIS, JJ., concur.