[No. 6832.  Decided November 19, 1907.]

BROADWAY HOSPITAL AND SANITARIUM, *Appellant*, v.
SARAH J. DECKER, *Respondent*.[1]

FRAUDS, STATUTE OF—SALE OF LANDS—MEMORANDUM OF SALE—
SUFFICIENCY. A statement in a receipt for rent agreeing to give the
tenants the "option on buying for $12,000," is not a sufficient memo-
randum of a sale to take the same out of the operation of the statute
of frauds, where the property is described as "House 322, Broad-
way," without reference to state, county or city, and where there was
no statement of the consideration for the option, or of its duration.

SAME—PAROL EVIDENCE. Parol evidence is inadmissible to supply
defects in the description of property for the purpose of taking the
contract out of the operation of the statute of frauds, where it con-
tained no indicia by reference to which the identity of the premises
could be identified, and the description might apply to any city.

SAME—MEMORANDUM OF SALE—SEPARATE WRITINGS—SUFFICIENCY.
Where a receipt for rent, given to the promoter of a corporation,
contained also an insufficient agreement for an option, which failed
to describe the property or the terms of the option, a subsequent
formal lease to the corporation cannot be considered in connection
with the option so as to take the case out of the operation of the
statute of frauds, where the face of the writings bore no relation to
each other, there being no mention of the option in the lease or of
the lessee's connection therewith.

SAME—PART PERFORMANCE—POSSESSION UNDER A LEASE. One in
possession under a written lease cannot urge the possession and the
making of improvements as a part performance of an oral agree-
ment for a conveyance to take the case out of the operation of the
statute of frauds.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered February 4, 1907, upon sus-
taining a demurrer to the complaint dismissing an action for
specific performance. Affirmed.

*Aust & Terhune*, for appellant.
*William W. Wilshire*, for respondent.

[1]Reported in 92 Pac. 445.

HADLEY, C. J.—In this cause the trial court sustained a general demurrer to the complaint. The plaintiff having elected to stand upon its complaint, and having refused to amend, the court entered judgment dismissing the action. The plaintiff has appealed from the judgment. The sole question to be determined is whether the trial court erred in holding that the complaint does not state a cause of action. The purpose of the action is to enforce specific performance of a contract, and it will be necessary to set forth at length the substance of the extensive allegations of the complaint.

The complaint shows that, at all times subsequent to March 29, 1906, the plaintiff was a corporation, and that the defendant was and is the owner of the real property over which the controversy arises; that on the 22d day of March, 1906, and at all times subsequent thereto until the organization of the plaintiff corporation, one McClure and certain other persons were engaged as promoters in the organization of the plaintiff and in the promotion of business for its use and benefit; that on said last-named date said McClure, for the use and benefit of the plaintiff, entered into an agreement with the defendant for the renting from defendant of all of lot 6, block 29, in A. Pontius' addition to the city of Seattle, with the exception of a small portion thereof in the rear on which was then and now is situated a small cottage; that the agreement provided, among other things, that said McClure, for the use and benefit of the plaintiff, would then and there pay to the defendant $10 as a first and partial payment upon the first three months' rent of the premises so to be leased, and that the plaintiff when organized should enter into an indenture of lease for the premises so to be let for the period of one year at the rental of $70 per month; that it was also further a part of said agreement, in consideration of the $10 paid, that the plaintiff when organized should, at all times during the year called for in said lease, have the right to purchase the whole of said lot upon the payment of the sum

of $12,000; that part of the terms of said contract for lease
and the said option were reduced to writing and signed by
the defendant, which said writing inclusive of the signature
is as follows:

"Seattle, Wash., 3-22—1906.

"Received of Dr. R. A. McClure ($10.00) Ten Dollars
as part payment on rent for House No. 322 Broadway, Bal.
$200.00 to be paid April 15, 1906, for 3 mos. rent. Rent to
be $70. The lease to be one year from May 1st—1906. I
also agree to paint outside of house and also give parties oc-
cupying house option on buying for $12,000.

"Mrs. J. Decker."

It is averred that the defendant knew that McClure was
engaged as promoter of the plaintiff, and that the contract
was made for the use and benefit of plaintiff; that in further-
ance of said agreement made by McClure in anticipation of
its organization, the plaintiff, after its organization was ef-
fected, entered into a written lease with defendant for the
property which is mentioned above, and that the same is de-
scribed in the lease. It is alleged that, immediately after the
agreement was made between McClure and the defendant,
McClure, in behalf of and for the use and benefit of the plain-
tiff, entered into the possession of said premises and continued
in such possession until the organization of the plaintiff, since
which time the plaintiff has been and still is in possession;
that McClure and the plaintiff have kept and performed every
condition upon their or either of their parts to be kept and
performed as in any manner growing out of said contract or
of said lease; that the defendant has never at any time de-
manded of the plaintiff or of said McClure that they, or
either of them, exercise the option given in said contract and
pay said sum of $12,000, but that on the contrary the de-
fendant has from time to time represented to the plaintiff that
there was no necessity for haste in the matter of exercising
the option; that the plaintiff has from time to time assured the
defendant that it would avail itself of its option to purchase,

and that it would pay said sum of money before the expira-
tion of the right to purchase as given in the contract; that
the plaintiff has from time to time assured the defendant that,
if she was desirous of having the option exercised at an earlier
time than the final expiration of the time therefor, plaintiff
would do so upon her request, but that she responded that it
was immaterial to her and that she recognized plaintiff's right
to exercise the option at any time within one year from the
date of said contract; that the plaintiff has relied upon its
said right to exercise its option at any time within said year,
and has also relied upon the representations of the defendant
that she recognized such right; for which reasons it has not,
except as hereinafter stated, made a tender of performance
upon its part; that on October 22, 1906, plaintiff tendered
to the defendant $12,000, legal tender of the United States,
and demanded a deed to the said lot.

It is alleged that the defendant made no objection to the
form or sufficiency of the tender, but that, in total disregard
of plaintiff's rights under the contract and in breach thereof,
the defendant has refused to make any conveyance whatever
to the plaintiff; that at all times since its organization the
plaintiff has been engaged in conducting a hospital and sani-
tarium in the building described in said lease situated upon
said lot, and that relying upon said option contract, the plain-
tiff has made many valuable improvements to said building
with the knowledge and consent of defendant. The plaintiff
offers to bring the $12,000 into court, or any such other or
different sum as shall be by the court adjudged to be proper
and just.

In order that appellant's full theory of the case may be
understood, we have stated extensively the substance of the
complaint. It will be seen that the initiation of the appellant's
claim for specific performance is founded upon the written
receipt of March 22, 1906, between McClure and the respond-
ent. The subject-matter of the controversy is within the
statute of frauds, and the appellant manifestly proceeded upon

the theory that the writing itself, and upon its face alone, is not sufficient to satisfy the statute. Evidently many of the allegations of the complaint were made with a view to the introduction of oral testimony. The substance of the complaint shows that the contract relied upon must have been partly in writing and partly in parol. For example, it cannot be discovered from the writing that the appellant had any connection with the contract either as a then existing or as a prospective corporation. The writing does not describe the property about which plaintiffs were contracting so that it can be identified and located. It simply refers to "House No. 322, Broadway." To say nothing of the ordinary, more minute description for identifying real estate, this writing does not even show the state, county, or city within which the property may be found. The writing does not disclose for how long a time the option was to continue, and it does not show what consideration, if any, there was for the option.

It cannot be said from the writing, except by mere inference, that the option period was coextensive with the lease period. The two subjects are in no manner so related that such an inference must necessarily be drawn. It cannot be said from the writing that the $10 paid was a consideration for the option, since it expressly stated that it was a payment upon rent. Appellant therefore found it necessary to allege a number of things as being part of the contract which the writing does not disclose, and such facts can be established by parol testimony only. It is the general rule that when an agreement has been reduced to writing the contents thereof cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence. This is not a mere rule of evidence where the statute of frauds is concerned, but it is of substantive law. 17 Cyc. 567-70.

Again, at page 748e of the above-cited volume, the following statement pertinent to this subject appears:

"The rule that where a contract upon its face is incomplete resort may be had to parol evidence to supply the

omitted stipulation applies only in cases unaffected by the
statute of frauds.   If the subject-matter of the contract is
within the statute of frauds and the contract or memorandum
is deficient in some one or more of those essentials required by
the statute, parol evidence cannot be received to supply the
defects, for this would be to do the very thing prohibited by
the statute."

Appellant says it does not contend that parol evidence may
be admitted in contradiction of any of the terms of the writ-
ing, but that it does contend that extrinsic evidence is admis-
sible to show the actual land subject to the option.   Upon this
point appellant cites the following:     *Easton v. Thatcher*, 7
Utah 99, 25 Pac. 728; *Bacon v. Leslie*, 50 Kan. 494, 31 Pac.
1066, 34 Am. St. 134; *Ross v. Purse*, 17 Colo. 24, 28 Pac.
473.   The Utah case cited seems to be broad enough to war-
rant the contention that a mere attempt at a description may
be made certain by extrinsic evidence.   The other two cases
dealt with descriptions which the courts held contained in-
dicia by reference to which, coupled with the defective de-
scription otherwise, the identity of the premises could reason-
ably be determined.   We find no such indicia in the writing
before us.   We think a description which may be referred to
any city in the world where a street of the name may exist
is too indefinite to satisfy even the most liberal view of the
statute of frauds.   The description is too vague and uncer-
tain within the following authorities:  *Ross v. Allen,* 45 Kan.
231, 25 Pac. 570, 10 L. R. A. 835; *Nippolt v. Kammon,*
39 Minn. 372, 40 N. W. 266; *Omaha Loan & Trust Co. v.
Goodman,* 62 Neb. 197, 86 N. W. 1082; *Preston v. Preston,*
95 U. S. 200, 24 L. Ed. 494; *Wilstach v. Heyd,* 122 Ind.
574, 23 N. E. 963.

The complaint alleges that the written lease was executed
in furtherance of the original contract.   The written lease
gives a definite description of certain property, but it was
executed by respondent with appellant, a person entirely dif-
ferent from the one who was a party to the receipt, and it

makes no mention whatever of any option in favor of appellant or anyone else. It is a mere lease to appellant of a lot with the exception of a small cottage in the rear, while the receipt is for the rent of a house to another person. The two writings upon their face bear no relation to each other, and the description in the first is therefore not aided by reference to the second. If, however, it could be said that the two may be taken together and that so considered they show an option to purchase property sufficiently described, still appellant's connection with the option can be shown only by parol testimony since it is in no way mentioned in the writing which speaks of an option. Moreover, both together fail to show any time within which the option shall be exercised, and they also fail to show any consideration for the option. Viewed from any standpoint the essential features with reference to the alleged option must be established, if at all, by parol, because of the indefiniteness and uncertainty of the writing upon which appellant relies. Under such circumstances specific performance concerning subject-matter within the statute of frauds cannot be enforced.

Appellant relies further upon the allegation in the complaint that it went into possession of the property. By this it seeks to have the alleged contract specifically enforced as in case of an oral agreement partly performed. We think this contention cannot be sustained. The complaint shows that appellant was in possession as a lessee under its lease, and that it took no steps to put itself within the binding force of the alleged contract for an option until October 22, 1906, when it alleges that by its tender and demand in writing it exercised its alleged option. It was then, and for months prior thereto had been, in possession. The complaint in this suit was filed two days later. It is therefore manifest that possession was not taken under the option contract, and with respondent's consent, but that it was taken and was continued with her consent under the lease contract; that the part performance must have reference to the one agreement relied upon for specific

performance is not only sustained by the authorities, but is founded in fundamental and ordinary reasoning. For an exhaustive and interesting case upon this subject we cite *Maddison v. Alderson*, 8 App. Cas. L. R. 467. On page 485 Lord O'Hagan, in concurring in the opinion of the Lord Chancellor, pertinently observed as follows:

"But there is no conflict of judicial opinion, and in my mind no ground for reasonable controversy as to the essential character of the act which shall amount to a part performance, in one particular. It must be unequivocal. It must have relation to the one agreement relied upon, and to no other. It must be such, in Lord Hardwicke's words, 'as could be done with no other view or design than to perform that agreement! It must be sufficient of itself, and without any other information or evidence, to satisfy a court, from the circumstances it has created and the relations it has formed, that they are only consistent with the assumption of the existence of a contract the terms of which equity requires, if possible, to be ascertained and enforced."

See, also, *Williams v. Morris*, 95 U. S. 444, 24 L. Ed. 360; *Purcell v. Miner*, 4 Wall. 513, 18 L. Ed. 435.

For the foregoing reasons we think the complaint does not state facts sufficient to support a decree of specific performance, and the trial court did not err in sustaining the demurrer.

The judgment is affirmed.

DUNBAR, MOUNT, and CROW, JJ., concur.