[No. 7269.   Decided September 24, 1908.]

EDWIN LEARNED *et al.*, *Appellants*, v. J. M. IMAN, *Respondent*.[1]

Appeal from a judgment of the superior court for Skamania county, McCredie, J., entered September 7, 1907, in favor of the defendant, after a trial before the court without a jury, dismissing an action for specific performance. Affirmed.

*A. L. Miller*, for appellants.

*George E. O'Bryon* (*R. A. Wade* and *O. P. M. Jamison*, of counsel), for respondent.

ROOT, J.—This is an action brought by appellants, who were plaintiffs below, to enforce specific performance of a contract of sale of real estate situated in Skamania county. From a judgment dismissing the action, plaintiffs have appealed.

The property in question was originally the community property of respondent's parents. It was the contention of appellants that respondent had entered into an oral contract with appellant Edwin Learned whereby appellants were to pay him $1,500, as he might need the money, for the purchase of other interests in the property in question, and he in return was to give them a half interest in the place. Appellants concede that, in order to prevail, they must establish the following points: (1) That there was an oral agreement to sell; (2) that there was such a part performance by the appellants as would take the case out of the statute of frauds and require a decree for specific performance; (3) that appellants had not committed any breach of the agreement; (4) that at the time of the beginning of this action respondent was able to perform on his part.

The issues involved are principally those of fact, and the burden was upon the appellants to establish the propositions which have been mentioned. In the case of *O'Connor v. Jackson*, 23 Wash. 224, 62 Pac. 761, this court quoted with approval the following language from Warvelle on Vendors Liens, vol. 2, page 783, to wit:

"It is a well established rule that the primary inquiry in all cases when enforcement is sought of a parol agreement for the conveyance of land goes to the existence of the contract itself, and before anything can be shown relative to its fulfillment, all its terms and conditions must be clearly and definitely established by unequivocal and convincing proof. If the evidence fails to establish the contract as alleged, or if any of its terms are left in doubt or uncertainty, or if any material part of it still rests in treaty or remains to be settled by further negotiations, it will not be specifically enforced. It must be further made to appear that the terms and stipulations of the contract have been relied on by the party seeking its enforcement."

See, also, *McKay v. Calderwood*, 37 Wash. 194, 79 Pac. 629; *Purcell v. Miner*, 4 Wall. 513, 18 L. Ed. 435.

[1]Reported in 97 Pac. 449.

The evidence of the respective parties was conflicting upon the principal material questions. To review and analyze it would require more space than we think justifiable. We think it justifies the conclusion reached by the trial court, and remembering, also, that the trial court had the advantage of the presence of the parties and the witnesses while testifying, we are not disposed to disturb its conclusion. The judgment will therefore be affirmed.

HADLEY, C. J., RUDKIN, FULLERTON, and MOUNT, JJ., concur.
DUNBAR and CROW, JJ., took no part.