[No. 15191.  Department One.  May 13, 1919.]

# B. SCHMIDT, *Appellant*, v. W. L. POWELL, *Respondent*.[1]

PARTIES (2)—REAL PARTY IN INTEREST—BUSINESS NAME.  In an action by B. Schmidt, a defect of parties plaintiff does not appear from the fact that the contract in suit was in the name of B. Schmidt & Co., where plaintiff was the only person interested in the company.

EVIDENCE (4, 4-1) — JUDICIAL NOTICE — GEOGRAPHICAL FACTS AND SURVEYS.  The courts recognize abbreviations used in official government surveys and take judicial notice of the base and meridian lines and the location and number of the townships and ranges east or west within the state.

SAME (4).  The superior court of a county will take judicial notice of the location of a town within its jurisdiction.

FRAUDS, STATUTE OF (35)—CONTRACT FOR BROKER'S COMMISSION— DESCRIPTION OF LAND.  The description of land in a contract for a broker's commission as "S½ of S. E. 27-11-19," is sufficient, within the statute requiring the contract to be in writing, in view of the judicial notice as to the manner of survey and location of government base and meridian lines.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered May 10, 1918, dismissing, on the merits, an action for a broker's commission, tried to the court.  Reversed.

*Harold B. Gilbert,* for appellant.
*Henry H. Wende,* for respondent.

MACKINTOSH, J.—The appellant asks to recover the sum of $1,000 as a real estate broker's commission for his services in procuring a purchaser ready, able and willing to buy the respondent's property.  The appellant had an agreement, signed by the respondent, which reads as follows:

80 Ranch.  Property of W. L. Powell.  Address...................... .. ...........
Number of 80 acres; 2½ miles from Wapato, south.  Legal Description, S ½ of S. E. 27-11-19.  Improvements............................. I hereby

[1]Reported in 180 Pac. 892.

agree to pay a commission of 5 per cent to B. Schmidt & Co., if sale or trade is made by or through them. (Signed) W. L. Powell. Date, 2-28-17

The appellant's action was dismissed on respondent's attack against it upon three points: First, he claimed that there was a defect of parties plaintiff, in that the agreement on its face shows that the commission was to be paid to B. Schmidt & Co. The testimony, as it appears in the statement of facts, shows, however, that the appellant B. Schmidt was the only person interested in B. Schmidt & Co. It was next urged that the appellant had not found a purchaser ready, willing, and able to buy the property according to the terms of the listing. This also presents a question of fact which must be determined on the record adversely to the respondent's claim.

The third point raised by the respondent, and the one upon which the court below dismissed the action, presents the question as to whether the description in the agreement was sufficient to identify the property; the argument of the appellant upon this point being that the agreement was defective in that no mention was made therein of the state, county, or location as to base line or meridian. Respondent concedes that, in so far as the figures "27-11-19" are concerned, they are generally accepted as designating section, township, and range; but since there are both north and south townships, and east and west ranges, that the description is still indefinite in that it cannot be determined therefrom as to what county or state the property is located in or the location of the property as to the base line and meridian.

Ordinary abbreviations which are customarily used and generally understood are recognized by the courts, and so far as the abbreviations used in the agreement are concerned, there can be no doubt they were in-

tended to, and did, describe the south half of the southeast quarter of section 27, township eleven, range nineteen. This is strictly in accordance with the previous holdings of this court. *Carson v. Railsback,* 3 Wash. Terr. 168, 13 Pac. 618; *In re Wenatchee Reclamation District,* 91 Wash. 60, at page 68, 157 Pac. 38. These cases are also authority for the rule that the courts will take judicial notice of the manner of survey and location of base and meridian lines, they having been located by virtue of acts of Congress. The courts will also take notice of geographical position and location of cities and towns within their jurisdictions, and the superior court for Yakima county should have taken judicial notice of the fact that Wapato, mentioned in the agreement, was a town located in that county and that the description of the property in the agreement, locating it two and one-half miles south of that town, determined that property to be within the bounds of Yakima county. We must also know that townships are numbered north and south from base lines, and that the base line from which they are numbered in this state is the Willamette base line, and that ranges are located east and west of meridians, and that the meridian from which they are located in this state is the Willamette meridian, and that the Willamette base line intersects the Willamette meridian near the city of Portland, Oregon; and we must know that there are forty townships south of the base line and forty-one north thereof. From these facts, of which, we have judicial notice, we must also know that, in this state, there can be no range 19 west of the Willamette meridian, and that such description would call for a location in the Pacific ocean, and therefore the "19" in the description must refer to range 19 E. W. M. We must also know that there are no townships south of the base line in the state of Washington, and therefore township

19 must be north. Taking into consideration these matters, of which we have judicial knowledge, and adding this information to the description in the agreement, makes the description sufficient to satisfy the statute.

This result does not trench upon the rule as announced by this court in other cases involving the sufficiency of descriptions contained in various instruments, including brokerage agreements; for, in determining the adequacy of the description here, no resort to parol testimony has been necessary. We have the description contained in the instrument, accompanied by the recognition of those facts which the court is bound to know, rendering the description full, adequate, and complete. Where descriptions have been held to be insufficient, it has been necessary, in order to determine the location of the property, to add to the words and figures contained in the description information which could only come through parol testimony. An examination of the following cases will show that they announce the doctrine that descriptions on their faces indefinite cannot be made sufficient by parol testimony, but in none of these cases was involved the question of whether a description apparently insufficient may be rendered sufficient when interpreted by the facts of which the courts will take judicial notice. *Broadway Hospital and Sanitarium v. Decker,* 47 Wash. 586, 92 Pac. 445; *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914 C 1239; *Thompson v. English,* 76 Wash. 23, 135 Pac. 664; *Baylor v. Tolliver,* 81 Wash. 257, 142 Pac. 678; *Salin v. Roy,* 81 Wash. 261, 142 Pac. 679; *Gilman v. Brunton,* 94 Wash. 1, 161 Pac. 835; *West v. Cave,* 98 Wash. 237, 167 Pac. 747; *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C 583; *Nance v. Valentine,* 99 Wash.

323, 169 Pac. 862; *LaRue v. Farmers' & Mechanics Bank,* 102 Wash. 434, 172 Pac. 1146.

The case of *Hartigan v. Hoffman,* 16 Wash. 34, 47 Pac. 217, while recognizing that judicial notice would be taken of the system of public surveys, held that such judicial knowledge would not be of assistance to the case then under consideration for the reason that, by the addition of that knowledge to the information, still the description would then be applicable to many other states than the state of Washington. That case is distinguished from the case at bar by reason of the fact that here the judicial knowledge of the location of the town of Wapato identifies the state.

The action of the superior court is reversed.

MITCHELL, TOLMAN, and MAIN, JJ., concur.