[No. 20257.   Department One.   April 5, 1927.]

WALTER BLACK *et al., Appellants,* v. L. D. MILLIKEN
*et al., Respondents.*[1]

[1] PLEADING (204)—OBJECTIONS—WAIVER BY AMENDMENT. Error in
overruling a demurrer to a complaint is waived by filing an
amended complaint.

[2] FRAUDS, STATUTES OF (20)—BROKER'S COMMISSION—MEMORANDUM.
The memoranda or contract agreeing to pay a broker's commis-
sion required by the statute to be in writing must be complete
in itself without resort to other writings or oral testimony and
is insufficient where the property to be sold is described as
"B—174—175 and 6, Orchard Avenue."

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered May 22, 1926,
in favor of the defendants, upon dismissing an action
for the recovery of a broker's commission. Affirmed.

*Goodsell & Farrington,* for appellants.

*Post & Russell,* for respondents.

FRENCH, J.—The appellants are real estate brokers.
Action was brought by them against respondents to
recover a real estate commission. A demurrer was
sustained to the original complaint. Thereafter an
amended complaint was filed, and a motion to strike
from the amended complaint and a demurrer thereto,
which were sustained. The appellants electing to stand
upon their amended complaint, final judgment was
entered and this appeal prosecuted therefrom.

Appellants' cause of action rests on paragraph 2 of
the amended complaint, which reads as follows:

"That on or about August 12, 1924, the defendants
employed plaintiffs, as said firm and as a part of its
said business, to secure for them a purchaser, or, in

[1]Reported in 255 Pac. 101.

the alternative, a party having acceptable property he would trade, for certain property owned by them, to-wit: about three acres of land in Spokane County, Washington, being part of an addition to the City of Spokane, Washington; outside of the city limits, and more particularly described and identified as Blocks 174, 175 and 176 of Orchard Avenue. That at the time of said employment, and in evidence thereof and of the commission they would pay if a deal was effected by plaintiffs, the defendant L. D. Milliken, on behalf of himself and his said wife, signed and delivered to plaintiffs a filled in listing card in words and figures as follows:

" 'Spokane, Wash. Aug. 12th 1924.

" 'Legal Description, B. 174-175 and 6, Orchard Ave. Will exchange for dairy ranch.

" 'Price $8500. Terms $4000 cash, balance terms. Commission to be 5% if cash, if trade 2½%.

" 'I hereby authorize Black & Pomeroy to sell my property at above stated price.

(Signed) L. D. Milliken.

Address, R. No. 10, Spokane.'

"That at the back of said listing card, at the time of said signing, there was filled in by agreement of the parties the following additional description of defendants' said property, as follows:

House...............; No. Rooms, 6; Barn, yes, Size:...............; Other Buildings Chicken Houses; To School, 1; On Road, 1; To Town...................; No. Acres, 3; Trade for ...............Location...................; Price $8500; Mortgage $...............; Clear...................; When due...................; Acres Tillable, All; Cultivated, All; Level,...................; Rolling...................; Rough...................; Fenced...................; In Wheat...................; Summer Fallow...................; In Timothy...................; Orchard, 1; Creek...................; Timber
...................

"That the parties to said commission agreement were all residents of Spokane County, Washington; that the agreement was made, and the said written evidence thereof was signed by the defendants, in the City

of Spokane, in said Spokane County, where as was well known to the respective parties, at the time, the said descriptive words 'Orchard Ave.' have a fixed and generally known meaning as descriptive of the said Addition wherein said Blocks owned by the defendants as aforesaid are situated; that a generally authenticated plat of the said Addition showing the location of the defendants' said Blocks 174, 175 and 176, and officially known and designated as Orchard Avenue, is on file and of record in the office of the County Auditor of said Spokane County; and has been at all times herein mentioned; and that, as a further memorandum in writing of the said agreement entered into on or about August 12, 1924, as aforesaid, and in ratification of plaintiffs' right to the said agreed commission as the brokers instrumental in bringing the parties together, if a trade for the defendants' said property with the parties who in fact eventually did trade therefor should be consummated, the defendants, on or about August 20, 1924, made, executed and delivered to plaintiffs a further signed instrument (to which one Geo. J. Chapman sometime afterwards signed his name) reading, in words and figures:

" 'Exchange and Commission Contract.

" 'In this instrument L. D. Milliken and Mrs. Luella Milliken are referred to as first party, and George J. Chapman is referred to as second party, and Black and Pomeroy are referred to as third party; and the following described property, situated in Spokane County, State of............................, is referred to as the first property,........... B. 174-175-176, Orchard Ave., containing 3 acres, more or less, with 6-R House..................... and the following described property in Spokane County, State of........................is referred to as second property: N½ of NE¼, SE¼ of NE¼, NE¼ of SE¼, Sec. 20 T. 20 R. 4, containing 160 acres, known as the Bartlett Homestead.

" 'The first party hereby offers to the second party to exchange the first property for the second property as herein provided, and to convey or cause to be conveyed to the second party by warranty deed the first property, free from incumbrance except................, and to

give possession of said first property on or before January 1st, 1925.

" 'The second party shall convey or cause to be conveyed to first party by warranty deed the second property free from incumbrance except................................a mortgage of $3,500 and a lease which terminates with sale of the place......................and second party shall give possession of said property on or before January 1, 1925.

" 'The first and second parties shall furnish title insurance policy or abstract of title for the first and second properties respectively, certified to the date hereof, showing marketable title free from incumbrance except as herein stated, and each party shall have a reasonable time in which to consummate this transaction.

" 'Second party shall have 10 days from the date hereof in which to accept this offer.

" 'For the purpose of this instrument the following shall not be considered as incumbrances on either property: Reservations contained in any of the forms of patent or deed commonly used by the United States, State of Washington, the Northern Pacific Railroad Company or Northern Pacific Railway Company; building restrictions common to the platted tract in which the property is situate; easements for public roads actually in use as such; contracts common to the platted tract in which the property is situated with reference to supplying water and electricity to the premises and the operation of irrigation and electric systems.

" 'If the third party shall tender or cause to be tendered to first party a deed conveying to first party marketable title to the second property with title insurance or abstract of title, as above provided, within 30 days of the date hereof; or if third party shall procure the acceptance of this offer in writing by said second party within said time (or thereafter if ratified by first party), and second party is able to convey a marketable title to the second property, then first party agrees to pay to third party............................dollars

($..................) in full payment for services of third party as agent for first party in this transaction. It is understood that third party is acting as agent for both first and second parties.

" 'Executed by first and third parties this 30th day of August, 1924.

" 'Witness to signature of first party.

" 'Ira Black                    L. D. Milliken (Seal)
                                Luella Milliken (Seal)

" 'The foregoing hereby is accepted by the above named second party this.............day of.................19........, and second party hereby agrees to pay above named third party................dollars, ($.............) in full payment for services which have been rendered by third party as agent for second party in this transaction, provided first party is able to convey or cause to be conveyed a marketable title to the above described real property.

" 'Witness the signature of second party:

                 .....................................................(Seal)
                 .....................................................(Seal)' "

Respondent's motion to strike is as follows:

## I

"To strike from paragraph II of said amended complaint commencing with the sentence 'that the parties to said commission agreement were all residents of Spokane,' to and including line twenty-one (21) on page 2 of said amended complaint ending with the words 'said agreement entered into on or about August 12, 1924, as aforesaid,' for the reason that said allegation is irrelevant, incompetent, immaterial, redundant and surplusage.

## II

"To strike from paragraph II of said amended complaint commencing with the words 'and in ratification of plaintiffs' right to said agreed commission' in line 22 on page 2 of said amended complaint, to and including the end of the paragraph, for the reason that said allegation is irrelevant, incompetent, immaterial, redundant and surplusage."

Respondent also filed a general demurrer.

[1] The first assignment of error is on the court's ruling in sustaining the demurrer to the original complaint. By asking leave to amend, and thereafter filing an amended complaint the appellants waive whatever error, if any, was committed by the lower court in sustaining the demurrer to the original complaint. *Prescott v. Puget Sound Bridge etc. Co.,* 31 Wash. 177, 71 Pac. 772.

[2] The language stricken by the trial court contains no promise to pay any commission to the appellants. The memorandum is not complete in itself, and resort must be made to other writings or oral testimony in order to determine the amount to be paid. This we have held in numerous actions of like character cannot be done. *Broadway Hospital & Sanitarium v. Decker,* 47 Wash. 586, 92 Pac. 445; *Nance v. Valentine,* 99 Wash. 323, 169 Pac. 862; *Forland v. Boyum,* 53 Wash. 421, 102 Pac. 34.

Under the authorities above cited the appellants must recover, if at all, on the contract contained on the listing card.

The subject matter of the sale upon which the commission is claimed is an essential part of the contract, and the writing evidencing the agreement must be such as to make it unnecessary to resort to parol evidence to establish any essential part of the agreement. *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C 1239; *Rogers v. Lippy,* 99 Wash. 312, 160 Pac. 858, L. R. A. 1918C 583; *Larue v. Farmers & Mechanics' Bank,* 102 Wash. 434, 172 Pac. 1146.

Measuring this complaint by the rules which we have heretofore announced, in a long line of decisions, some of which have been cited above, it is insufficient to state a cause of action.

The judgment of the lower court is therefore affirmed.

MACKINTOSH, C. J., MITCHELL, MAIN, and FULLERTON, JJ., concur.