[No. 30069. Department One. June 13, 1947.]

BONDED ADJUSTMENT COMPANY, *Appellant*, v. PAUL L. EDMUNDS *et al.*, *Respondents.*[1]

*Clarke & Eklow,* for appellant.

*Robertson & Smith,* for respondents.

SIMPSON, J.—Action in this case was instituted to recover a sum of money claimed to be due as rental for a house in the city of Spokane. The cause was tried to the court, sitting without a jury. After trial, the court made findings of fact, conclusions of law, and entered its judgment dismissing the action with prejudice.

Plaintiff appeals and assigns as error on the part of the trial court its holding that: The lease was invalid because not acknowledged by the lessee; the legal description of the premises under the lease was insufficient under the statute of frauds; the lease was not accepted by the tenant; and that the tenant paid no rent.

We state the essential facts as follows: Prior to May, 1941, James Eaman owned a home at 2626 W. Fairview avenue in the city of Spokane. Respondents examined the house and decided to rent it. May 21, 1941, respondent, P. L. Edmunds, and Eaman signed a document designated as "REAL ESTATE LEASE," which provided in part that respondents should occupy the home for a period beginning June 1, 1941, and ending August 20, 1942. The only descrip-

[1]Reported in 182 P. (2d) 17.

tion of the real estate was "a house at 2626 W Fairview." The lease agreement was acknowledged by the owner of the property. The document contained an option to purchase for four thousand dollars, and recited, "ten dollars has been paid," without any indication of its purpose. The key to the house was given to respondent, and he was in the home on several occasions. There was a disagreement about some repairs to, or cleaning of, the house, and respondent did not move into it but returned the keys to the owner. The cause of action was assigned to appellant, prior to suit being brought.

But one question need be considered, and that is, whether the description contained in the lease agreement was sufficiently definite to satisfy our statute of frauds.

In *Broadway Hospital v. Decker,* 47 Wash. 586, 92 Pac. 445, this court held that a statement and a receipt which gave the tenants the "option on buying for $12,000," was not a sufficient memorandum of sale to take it out of the operation of the statute of frauds, when the property was described as "House No. 322 Broadway," without reference to state, county, or city. This opinion has been upheld in the following cases: *Goodrich v. Rogers,* 75 Wash. 212, 134 Pac. 947; *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858; *Nance v. Valentine,* 99 Wash. 323, 169 Pac. 862; *Schmidt v. Powell,* 107 Wash. 53, 180 Pac. 892; *Black v. Milliken,* 143 Wash. 204, 255 Pac. 101; *Marshall v. Hillman Inv. Co.,* 151 Wash. 529, 276 Pac. 564; *Martinson v. Cruikshank,* 3 Wn. (2d) 565, 101 P. (2d) 604; *Fosburgh v. Sando,* 24 Wn. (2d) 586, 166 P. (2d) 850.

In the last case cited, this court adhered to the early rule by stating:

"Appellants invoke the rule that a contract for the conveyance of land is void, under the statute of frauds, when such contract does not contain a description of the land sufficiently definite to locate it without recourse to oral testimony. *Martinson v. Cruikshank,* 3 Wn. (2d) 565, 101 P. (2d) 604."

And then:

"That the description in the agreement is insufficient to comply with the statute, is manifest. In the first course, 'thence northerly 60 feet to point of beginning' the term 'northerly' implies only a general direction. See *Groeneveld v. Camano Blue Point Oyster Co.*, 196 Wash. 54, 81 P. (2d) 826. There is nothing in such call to inform one whether the direction is due north or northerly along the highway boundary, or northerly any number of degrees east or west. Assuming, for the sake of argument, that this course means due north, the next course, 'thence approximately 207 feet,' is not sufficiently definite, without recourse to parol evidence, to inform one the direction of the second course.

"We have consistently followed the rule upon which appellants rely."

█ The description of the land mentioned in the lease agreement, was, under these decisions, insufficient to designate its location without the use of parol evidence and hence was invalid under the statute of frauds.

Judgment is affirmed.

MILLARD, HILL, and ABEL, JJ., concur.

MALLERY, C. J., concurs in the result.