[*No.* 79. *Decided August* 8, *1890.*]

B. C. VAN HOUTEN v. E. A. ROUTHE, G. B. DENNIS, J. B. SARGEANT, THEODORE REED AND E. H. BARTLETT.

CONSTITUTIONAL LAW — TITLE OF ACTS.

The act, approved March 28, 1890 (Laws of Wash. 1889-90, p. 51), amending § 1 of "An act allowing school districts to borrow money, and issue bonds, for the building and furnishing of school-houses; to permit the funding of school district bonds heretofore or here-after to be issued, legalizing the same, and declaring an emergency," provides for extending the issuing of bonds by any school district in the state, regardless of population, to five per cent. of its taxable property, which, in case of incorporated cities, shall be taken from the last assessment for city purposes. *Held,* That the title embraced but one subject, and such provisions were within the title, and valid, though the remainder of the act might be unconstitutional.

*Appeal from Superior Court, Spokane County.*

The facts are stated in the opinion.

*W. C. Jones,* for appellant.

*H. E. Houghton,* for appellees.

The opinion of the court was delivered by

SCOTT, J. —Plaintiff brought this action to enjoin the defendants, who were directors of school district 81, comprising the city of Spokane Falls, from negotiating certain school district bonds, amounting to $250,000, which had been authorized by a vote of the district. The amount exceeds two and one-half per cent. of the taxable property therein. The defendants demurred generally to the complaint. The court sustained the demurrer, and the plaintiff appealed to this court.

The only question in the case is, as to the validity of an act, approved March 28, 1890, purporting to amend § 1 of an act, approved March 19, 1890, relating to the issuance of such bonds, both of said acts having been passed by the last legislative assembly. See Session Laws 1889–90, pp. 45 and 51. The act first approved limited the issuing of bonds by school districts containing a population of 10,000 or more to an amount not exceeding two and one-half per cent. of the taxable property therein. The population of this district exceeds 10,000. The latter act, if valid, extends the limit to five per cent. in all cases. It is urged by appellant that it is void in consequence of its containing more than one subject, and that the matters contained in the act are not sufficiently expressed in the title. See § 19, art. 2, of the state constitution. We are of the opinion that the latter act is valid, at least, in so far as it extends the limit to five per cent. of the taxable property, regardless of population; and in incorporated cities making the last preceding assessment for city purposes the basis for

determining the maximum amount. The title thereto embraces but one subject, and the act so far being clearly within the title, and relating to but one subject, it should be sustained in any event. See Cooley, Const. Lim. (5th ed.), p. 178, § 5. As to the validity of the remainder of the act, we are not called upon to decide here. It being admitted that the amount so voted for is within the five per cent. limit, the bonds were accordingly authorized. The judgment of the court below is affirmed.

ANDERS, C. J., and HOYT, DUNBAR and STILES, JJ., concur.