## J. M. EASTON, Appellant, *v.* HYRUM THATCHER, and Another, Respondents.

CONTRACT.—SPECIFIC PERFORMANCE.—OPTION.—A contract giving to a party an option upon "horses and ranch" for the space of sixty days, and providing for future payments and a forfeiting of the option if payments were not made, is such a contract as can be specifically enforced by the party having the option.

ID.—ID.—DESCRIPTION OF PROPERTY.—A description of the property as a "one-half interest of Hyrum Thatcher, of Logan City, in horses and ranch, etc.," is a sufficient description for specific performance where it appears from parol extrinsic evidence that Hyrum Thatcher owned a one-half interest in but one ranch.

APPEAL from a judgment of dismissal of the district court of the first district. The opinion states the facts.

*Messrs. Whittemore and Armstrong,* for the appellants.

Where the description is so definite that the purchaser knows exactly what he is buying and the seller knows what he is selling, and the property is so described that the court can, with the aid of parol or other extrinsic evidence, apply the description to the exact property intended to be sold, it is sufficient. Martindale on Conveyancing, § 5, p. 8; 1 Green. Ev. §§ 286–7–8 (14th ed.); Browne on Statute of Frauds, § 385; Wood on Statute of Frauds, § 353, p. 680; *Hollis* v. *Burgess,* 15 Pac. 541; *Atwood* v. *Cobb,* 16 Pick. 227; *Hurley* v. *Brown,* 98 Mass. 545; *Scanlan* v. *Geddes,* 112 Mass. 15; *Mead* v. *Parker,* 115 Mass. 413; *Daugherty* v. *Hill,* 144 Mass. 465; *Bird* v.

*Richardson,* **8** Pick. (Mass.) 252; *Tice* v. *Freeman,* 30 Minn. 389; *Vindquest* v. *Perkey,* 16 Neb. 284–8; *Barry* v. *Coombe,* 1 Peters (U. S.), 640; *Tallman* v. *Franklin,* 14 N. Y. 584; *Morrison* v. *Daily,* 6 S. W. 426; *Lente* v. *Clarke,* 1 So. 149; *White* v. *Motley,* 4 Bax. (Ten.) 544; *Slater* v. *Smith,* 117 Mass. 96; *Warring* v. *Ayres,* 40 N. Y. 357; *Preston* v. *Preston,* 95 U. S. 200–202.

The following contracts, almost identical with the case at bar, were held sufficient:

" ASHLAND, WIS., *April* 19th, 1887.

" Received of F. E. Stout five dollars partial payment on ten acres of land bought of T. Bardon and now in my possession, etc."

*Stout* v. *Weaver,* 39 N. W. 375.

" BOSTON, *December* 17th, 1872.

" This is to certify that I, Jonas Parker have sold to Franklin Mead a house on Church street for the sum, etc."

*Mead* v. *Parker,* 115 Mass. 413.

*Messrs. Miller and Maginnis,* for the respondents:

Contract is void for uncertainty. There is nothing contained in it upon which to base parol evidence, as any ranch owned by Thatcher in any part of the world would fill the description in the contract. 2 Devlin on Deeds, § 1010; *People* v. *Klumpke,* 41 Cal. 263; *Brandon* v. *Leddy,* 67 Cal. 43; *Hannel* v. *Smith,* 15 Ohio, 134; *Mesick* v. *Sunderland,* 6 Cal. 297; *Hamilton* v. *Harvey,* 121 Ill. 469; *Miller* v. *Campbell,* 52 Ind. 125; *Hammer* v. *McEldowney,* 46 Pa. St. 334; *Jordan* v. *Fay,* 40 Me. 130; *King* v. *Ruckman,* 20 N. J. Eq. 316; *Lynes* v. *Hayden,* 119 Mass. 482.

"The general rule would seem to be that, when land forms the subject matter of a contract, it must be so described as to leave no uncertainty as to its shape, quantity and location; and if these particulars are entirely wanting or can only be supplied by a resort to parol evidence the memorandum is insufficient to warrant an enforcement of the contract or a decree of conveyance. Where a sufficient description is given, parol evidence may be resorted to in order to fit the description to the land; but where the description is insufficient or vague and uncertain, and the uncertainty is patent, or where there is no description, such evidence is inadmissible." Warvelle on Vendors. 149; *Peck* v. *Mallams,* 10 N. Y. 509; *Pierson* v. *Ballard,* 32 Minn. 263; *Tice* v. *Freeman,* 30 Minn. 389; *Bishop* v. *Fletcher,* 48 Mich. 555; *Eggleston* v. *Wagner,* 46 Mich. 610.

ZANE, C. J.:

The plaintiff instituted this action in the district court to enforce the specific performance of an alleged contract in the words and figures following:

"LOGAN, UTAH, *Feb.* 8th, 1890.

"Received of J. M. Easton the sum of $10.00, as an option on the one-half interest of Hyrum Thatcher, of Logan City, in horses and ranch, etc., for the space of sixty days; the sum agreed upon being two thousand dollars cash down, and a balance of fifteen hundred dollars in two years; in all, $3,500. In case of failure of J. M. Easton to finish contract, he to forfeit the option.

"HYRUM THATCHER.

"J. M. EASTON. [Seal.]"

A more particular description of the property was given in the complaint, and due execution and delivery of the contract was also averred. It was also alleged

that the defendant John E. Price, after such delivery and with a knowledge of it, purchased the same property of Thatcher, and that the plaintiff offered to perform the contract on his part, and demanded the execution thereof, and that Thatcher had refused to perform on his part. To the complaint the defendants interposed a demurrer on the ground that it did not state facts sufficient to constitute a cause of action, which the court sustained. From this decision of the court the plaintiff has appealed to this court, and assigns the same as error. The only question argued by counsel, and submitted for our consideration and decision, is, was the contract void for uncertainty in the description of the land? That description is, "one-half interest of Hyrum Thatcher in horses and ranch." This is equivalent to saying, "a ranch in which Hyrum Thatcher owns a one-half interest." Extrinsic evidence to show that Hyrum Thatcher owned a one-half interest in a ranch would be competent. And it would also be competent for witnesses familiar with the ranch to describe it, giving its boundaries. By such evidence the contract could be applied to its subject-matter; and if the existence of such a ranch was to be so shown, in the absence of any proof of another ranch in which Hyrum Thatcher owned a one-half interest, the subject of the contract would be identified, and it would not be within the statute of frauds. It would also be competent to prove that Hyrum Thatcher owned a one-half interest in no other ranch. The above statement of the law is supported by the following authorities: *Waring* v. *Ayres,* 40 N. Y. 358; Devl. Deeds, § 113; Notes to *Atwood* v. *Cobb,* 26 Amer. Dec. 667; *King* v. *Ruckman,* 20 N. J. Eq. 359; *Hurly* v. *Brown,* 98 Mass. 545; 1 Greenl. Ev. §§ 286, 287; *Atwood* v. *Cobb,* 16 Pick. 227; *Scanlan* v. *Geddes,* 112 Mass. 15. We are of the opinion that the court below erred in sustaining the defendants"

demurrer to the plaintiff's complaint. That decision is reversed, and the case is remanded, with directions to the court below to overrule the demurrer, and permit defendants to answer.

ANDERSON, J., BLACKBURN, J., and MINER, J., concurred.