JOHNSON et al. v. JONES.

No. 6848.   Decided January 8, 1946.   (164 P. 2d 893.)

See 32 C. J. S., sec. 1007; 49 Am. Jur., 34.

*Joseph E. Richards,* of Salt Lake City, for appellant.

*H. G. Metos,* of Salt Lake City, for respondents.

McDONOUGH, Justice.

This is an appeal from a judgment and decree of specific performance of a contract to sell real estate. The instrument was prepared by a real estate broker. The material parts thereof are as follows:

"Salt Lake City, Utah, December 29, 1944.

"Received from Marion T. Johnson and May T. Johnson the sum of Six Hundred Dollars to secure and apply on the purchase of the following described property: 124 East 8th South for the purchase price of $2950.00. The balance of purchase price shall be paid as follows: $2150.00 payable—$35.00 or more per month. Interest shall be charged on all unpaid portions of the purchase price at 6% per annum, and possession given by January 15, 1945. (West Side) Taxes for the current fiscal year ending December 31st, following this date and the insurance premium, rents, water and other expenses of said property shall be prorated as of date of possession and/or delivery of deed or final contract of sale. All other taxes and assessments shall be paid by owner. * * * Contract of sale and/or warranty deed to be made on the approved form of the Salt Lake Real Estate Board in the name of.......... In the event said Buyer shall fail to pay the balance of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall, at the option of the Seller, be retained as liquidated and agreed damages. The payment is received and the sale is made subject to Seller's approval, and unless so approved on or before 5 days from date the re-

turn of the money herein receipted shall cancel this sale without damage to the undersigned. * * *

"C. Ed. Lewis Company
"By R. C. Mortensen (signed)

"We, the undersigned do hereby state we have read (or have had read to us) the above contract and that we understand the terms and conditions above set out and that we do hereby agree to carry out and fulfill the terms and conditions above specified, the Seller agreeing to furnish an abstract of title continued to date, or policy of title insurance, showing a good marketable title, and to make final conveyance by sufficient deed.

"May T. Johnson (signed)
"M. T. Johnson (signed)
Buyer
"W. R. Jones (signed)
Seller".

When the instrument was first presented for the signature of the appellant, the purchase price was stated as $2,750 which was $200 less than the figure at which he had listed the property, and the interest rate was stated as 5%. He refused to sign it, whereupon the purchase price figure was changed to $2,950 and the interest rate was changed to read 6%, and the changes were initialed W. R. Jones who then signed the instrument which is referred to as a "Preliminary agreement." The parties, however, failed to change the balance to be paid in installments from $2,150 to $2,350, and three days later Jones wrote a letter to the broker stating that due to the "flaw" in the contract and "other reasons, I don't care to go thru with the deal. Will you please return my abstract." When the broker attempted to procure his signature on a uniform real estate contract signed by the buyers, which contains all the terms mentioned in the "preliminary agreement," he refused to sign it. This action of specific performance was instituted a few days later, and the court, as noted, entered a decree for specific performance of the "preliminary agreement."

Appellant seeks reversal of the decree on the following grounds: (1) That the parties did not intend the so-called "preliminary agreement" to be a binding contract. (2)

That such instrument is incomplete and uncertain in various particulars so that specific performance could not be decreed without imposing terms to which the parties did not agree. (3) Damages for loss of rentals could not be awarded even if specific performance were decreed.

The first contention may be answered by reference to the instrument itself. The seller is given the right to retain as liquidated damages the sum of $600 deposited as a down payment if the buyers refuse to complete the purchase. Such right in the seller is wholly inconsistent with the idea that the buyers were not bound. That the seller is also bound by the specific terms of the instrument is clear from the language employed, whereby he agrees to all of the terms and conditions, promises to fulfill such terms and furnish an abstract of title showing marketable title and to convey title by sufficient deed (impliedly when the balance of the purchase price would be paid in full). No fraud nor material mistake was claimed. In fact, Jones refused to sign until the proper changes were made in price and interest rate.

The claim that the preliminary agreement is so incomplete and uncertain that an equity court should not decree specific performance, is based upon six grounds. First, it is argued that the property is not definitely and completely described, since a street address is given without indicating in what city, county or state the property is situated. By his answer, the defendant admits that he owns the property at 124 East 8th South street in Salt Lake City, Salt Lake County, State of Utah, so that no uncertainty can arise by reason of ownership of several properties bearing the same address. No question arises as to the fact that the parties in making such incomplete description intended to refer to no property other than defendant's property at the indicated address in Salt Lake City. Appellant's contention in this respect is disposed of by prior decisions of this court. In *Easton* v. *Thatcher*, 7 Utah 99, 25 P. 728, a less specific description than the one here involved was held not so uncertain as to justify denial of a decree. It was there

held that extrinsic evidence may be introduced to show the exact boundaries and location of property mentioned in the contract of sale. *Cummings* v. *Nielson*, 42 Utah 157, 129 P. 619, 622, is to the same effect. We there said:

"It is elementary that in equity that is certain which can be made certain. In case * * * certain lands are mentioned by name merely in a contract, without giving a definite description, the * * * lands intended in the contract may always be shown by extrinsic, parol, or documentary evidence." See also Pomeroy's Specific Performance of Contracts, 3rd Ed. Sec. 152.

As to the claim that the instrument sued on refers to another contract to be executed, the form of which is indefinite, we need only mention that the terms and conditions specified in the preliminary agreement are also specified in the uniform real estate contract form which the buyers signed and which was submitted to the seller for his signature. He made no objection at the time of presentation that it attempted to impose on him any conditions to which he had not already assented. In fact he paid no attention to it. It might have been better if the preliminary agreement had specifically mentioned the "uniform real estate contract" so that the printed form would have been incorporated by reference, but in view of what we have said relative to the claimed uncertainty just dealt with, further discussion of this contention is unnecessary.

The claim that there is no provision in the agreement for security for deferred payments, is also without merit. There is implied in an agreement for the sale of real estate, unless a contrary intention is expressed, that the vendor shall retain title until the balance of the purchase price is paid. Where there is an agreement on the part of one to convey and on the part of another to pay a definite sum, payment and conveyance are concurrent acts, unless a contrary intention appears. Hence, since the vendor is not obligated to convey until the date of payment of the last installment, no provision as to security for payment of the purchase price could be contemplated.

There is also a contention that the contract is uncertain as to when possession should be given, but such uncertainty disappears when reference is made to that part of the contract which relates to giving possession of the west side on January 15, 1945, which was the apartment occupied by defendant himself. The evidence shows that the other side was rented and the parties understood that the tenants might remain and pay rent to the buyers.

The final contention as to uncertainty is that it is impossible to determine whether the cash payment called for is $600 or $800, since at the time the total purchase price was changed to meet appellant's terms, neither the amount of the cash payment nor the total of the installment payments were altered. The apparent conflict disappears when we place ourselves in the situation of the parties. The amount of cash deposited by respondents was $600 not $800. Furthermore, the evidence shows, as hereinabove noted, that when the respondent's original offer was made to appellant, it was not rejected because either the amount of the cash payment or of the monthly installments were insufficient; but because the total purchase price and the rate of interest on the unpaid balance were unsatisfactory. These terms were changed so as to meet his objections. The failure to alter the figure showing the unpaid balance was a mere inadvertence. The intention of the parties is abundantly clear.

Nor is there an merit to the contention that the time when the deferred payments should commence is indefinite, for the provision that the balance should be paid in monthly installments of $35 or more per month, necessarily implies that payments would commence one month after possession were granted unless the parties agreed otherwise. The same is true with respect to time when interest would begin to run on the balance of the purchase price.

The third general argument is that the court erred in awarding damages for loss of rentals in an amount of the entire rental value of the property, even if specific per-

formance could be decreed. In view of what we have said hereinabove, this contention is unsound, for if appellant had performed, the respondents would either have enjoyed the actual possesion of the apartment occupied by appellant and collected the rent from the tenants occupying the other apartment, or if both apartments had been rented they would have collected the rent on both

There was no error in decreeing specific performance. The decree is affirmed. Costs to respondents.

LARSON, C. J., and TURNER, WADE, and WOLFE, JJ., concur.