**Richard F. BASSETT, Plaintiff
and Respondent,**

v.

**Walter BAKER, Defendant and Appellant.**

**No. 13799.**

Supreme Court of Utah.

Dec. 24, 1974.

———◆———

Robert J. DeBry, Salt Lake City, for defendant and appellant.

J. Harold Call, Heber City, for plaintiff and respondent.

ELLETT, Justice:

Baker appeals from a judgment holding that he and Bassett were joint venturers.

**1**

**2**

The facts are not in dispute, so the question of the relationship of the parties is a matter of law. The testimony revealed the following facts:

1. Bassett, an airline pilot without any experience in ranching, desired to go into the cattle business.

2. Baker was experienced in the raising and tending of cattle.

3. The two entered into a loosely-stated oral agreement whereby Bassett would buy 100 head of cattle and Baker would care for them. The offspring would be sold by Bassett, and the profits would be divided equally.

4. Bassett bought 25 head of cattle and after branding them with his own brand placed them in the care of Baker.

5. Bassett bought 26 more head of cattle but claimed them as his own with no right of Baker to share in any profits, although he placed them in Baker's care. He bought no more cattle.

6. Bassett assisted Baker some while the two herds were in Baker's care.

7. There was no agreement relative to the sharing of losses should any occur.

8. Bassett demanded all of the cattle, and when Baker claimed some right to recompense, Bassett secured a court order and took possession of most of them.

9. Bassett then sued for the recovery of some calves which he claims Baker had in his possession and for an accounting.

The case was tried to the judge, who ruled that the relationship of the parties was that of joint venturers, and he ordered Baker to account. He also held that they would share losses equally if any there were. It is from that judgment that Baker has appealed to this court.

▇▇▇ A joint venture is an agreement between two or more persons ordinarily but not necessarily limited to a single transaction for the purpose of making a profit.[1] The requirements for the relationship are not exactly defined, but certain elements are essential: The parties must combine their property, money, effects, skill, labor and knowledge. As a general rule, there must be a community of interest in the performance of the common purpose, a joint proprietary interest in the subject matter, a mutual right to control, a right to share in the profits, and unless there is an agreement to the contrary, a duty to share in any losses which may be sustained.[2]

▇▇▇ While the agreement to share losses need not necessarily be stated in specific terms, the agreement must be such as to permit the court to infer that the parties intend to share losses as well as profits. In the instant matter Baker stands to lose his labor while Bassett may lose money. Bassett cannot share the toil which Baker has theretofore endured, and therefore the court cannot compel Baker in addition to losing his labor also to share in the possible financial losses which Bassett may sutain.

The relationship of Baker to Bassett seems to be the same as that of a sheepherder to the owner of the flock when he tends the sheep not for a salary but for a share of the lambs.[3]

We are of the opinion that His Honor erred in holding that a joint venture existed between the parties and in holding that Baker must share in any financial losses which Bassett may sustain. Baker has only a right to share in any profits which may result from a sale of the offspring. He cannot recover anything from Bassett if there is no profit.

The judgment is reversed and the case remanded for such further proceedings as may be proper. Costs are awarded to the appellant.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

1. Forbes v. Butler, 66 Utah 373, 242 P. 950 (1925).

2. 48 C.J.S. Joint Adventures § 2a.

3. If this constitutes a joint adventure, then the concept is an old as Jacob and Laban (see Genesis, Ch. 30), although it was unknown to the common law.