LeRoy J. SCORE, Plaintiff
and Respondent,

v.

Ernest I. WILSON, Ernest Wilson Company, Inc., a Utah Corporation, and June B. Wilson, Defendants and Appellants.

No. 15848.

Supreme Court of Utah.

April 17, 1980.

John Preston Creer, Kent B. Scott, and Thomas L. Monson of Senior & Senior, Salt Lake City, for defendants and appellants.

Philip C. Pugsley of Watkiss & Campbell, Salt Lake City, for plaintiff and respondent.

BALDWIN, District Judge:

Plaintiff, LeRoy J. Score, filed this action seeking an accounting of proceeds of a joint venture, claiming he was engaged in a joint venture with defendants in the construction and sale of a demonstrator home. The case was tried to the court, sitting without a jury. The court had the benefit of a Mas-

ter, appointed to determine certain accounting facts connected with the case, and after hearing all the evidence, found that the plaintiff Score was engaged in a joint venture with the defendant Ernest I. Wilson and entered judgment in favor of the plaintiff and against the defendant Ernest I. Wilson and found No Cause of Action on the claim against the Ernest Wilson Company, a Utah corporation and June B. Wilson. Defendant Ernest Wilson appeals from the money judgment and seeks a reversal of the same. Plaintiff cross appealed dismissal of his action against June B. Wilson and Ernest Wilson Company, a corporation, but abandoned the cross appeal.

Plaintiff Score and defendant Ernest I. Wilson were involved with the development of a type of building known as an Archdome Home. They agreed to share the cost of erecting a demonstrator home, near Midway, Utah, and, when the home was sold, to share in the profit or loss resulting from the venture. Each was to contribute half of the construction cost, and after a demonstration period, to sell the home with the hope of a profit.

The plaintiffs financial contribution was not in dispute, but the contribution of the defendant was in controversy. A Master was appointed by the court to determine the contributions of the parties and it was found that the defendant's contribution was $13,916.77, but the trial court, with the benefit of all the evidence and trial, found that the defendant's contribution was $12,802.24. The home was sold and the defendant refused to account for the proceeds. The court, based upon the trial evidence and the Master's report, found that the plaintiff was entitled to a judgment of $5,933.37 as his share of the sale proceeds based on his contribution, less his share of the loss, one-half of $7,800.66.

The trial court adopted the finding of the Master with a small adjustment, the Master having determined that the defendant's contribution was $13,916.77 and the trial court finding that the contribution was $12,802.24.

The defendant made no objection to the Master's report as required by the Utah Rules of Civil Procedure, 53(e)(2) and therefore should not be allowed to question the same. Moreover, it was not demonstrated that the findings were incorrect or not supported by the evidence presented.

The trial court found, upon disputed evidence, that the plaintiff LeRoy J. Score and defendant Ernest I. Wilson entered into a joint venture agreement to construct an Archdome home, in Wasatch County, State of Utah and agreed to split the profits and losses, equally. There was a loss on the sale of the home and property, and the court found the plaintiff was entitled to a share in the proceeds of the sale of the home and land in the amount of $5,933.37, which was some $3,900.00 less than his contributions. The court pro rated the loss equally, after following accounting procedures in determining the proper distribution of the sale proceeds, and after the contributions were considered. Each joint venturer received back his contribution, after deduction of his share of the loss.

Believable credible evidence supports the trial court finding that a joint venture existed. The plaintiff and defendant jointly agreed to build and finance the construction of an Archdome home and the profits or losses from the venture would be divided equally between the two. Each agreed to contribute half of the construction costs of the home in Midway, Utah, and to use it as a demonstrator for a period of six months, then sell the same and divide the profits or losses.

The defendant claims that the joint venture was with Archdome, Inc., and at trial he claimed he had no joint venture with anyone. Archdome, Inc. was not a party to the action.

Defendant Wilson also claims that the trial court erred in failing to include as costs as contributions to the joint venture claims of salary paid to Wilson's wife by Ernest Wilson Co., Inc., and for services alleged to be rendered to the venture by his son Bruce Wilson. On credible evidence,

the trial court found that there was no basis to allow the defendant credit toward the joint venture of the No. 15848 sums paid as salary to his wife and son by the Ernest Wilson Company, Inc.; and made a finding as to the amount contributed to the joint venture by Ernest I. Wilson.

The defendant contends that if there were a joint venture it was between the plaintiff and Archdome, Inc., a corporation. The defendant however contends that he should be entitled to the full proceeds of the sale of the home and land and that the plaintiff would not be entitled to any of the proceeds, even though his financial contribution to the project is without any substantial dispute.

 It would be unconscionable for the plaintiff Score to lose his entire contribution while the defendant retained the entire proceeds of the home sale.

This Court in the case of *Bassett v. Baker*, Utah, 530 P.2d 1 (1974), defined a joint venture:

> A joint venture is an agreement between two or more persons ordinarily but not necessarily limited to a single transaction for the purpose of making a profit. The requirements and relationship are not exactly defined, but certain elements are essential. The parties must combine their property, money, effects, skill, labor and knowledge. As a general rule, there must be a community of interest in the performance of the common purpose, a joint proprietary interest in the subject matter, a mutual right to control, a right to share in the profits and unless there is an agreement to the contrary, a duty to share in any losses which may have been sustained.

█ The existence of the joint venture must depend upon the facts of each case and formality of agreement is less important than the acts and conduct of the parties, and the facts that exist in each particular case. *Holtz v. United Plumbing and Heating Co.*, 49 Cal.2d 501, 319 P.2d 617 (1957).

█ Inasmuch as the findings and judgment are supported by substantial credible evidence, under the standard rule of review they are entitled to the presumptions of verity. See *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176 (1961).

Affirmed. Costs to plaintiff (respondent).

CROCKETT, C. J., and MAUGHAN and STEWART, JJ., concur.

HALL, J., concurs in result.

WILKINS, J., having disqualified himself, does not participate herein.