Barbara M. HOVE, Plaintiff and Appellant,

v.

John S. McMASTER, D.D.S., and Highland Dental Clinic, Inc., a professional corporation, Defendants and Respondents.

No. 16850.

Supreme Court of Utah.

Nov. 21, 1980.

---

**2.** *Id.,* at 786, 93 S.Ct. at 1761, citing and quoting from *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972).

John T. Anderson of Roe & Fowler, Don J. Hanson, Salt Lake City, for plaintiff and appellant.

STEWART, Justice:

In this action plaintiff sought damages for alleged dental malpractice. The trial was bifurcated, and the issue of whether plaintiff's claim was timely filed pursuant to the Utah Health Care Malpractice Act, Utah Code Ann. (1953), as amended, § 78–14–4, was tried to the court. The court held that the claim was barred by the applicable statute of limitations because plaintiff had failed to commence the action within two years from the date she knew or reasonably should have known that she sustained an injury that was caused by an act of defendant Dr. McMaster.

In arguing the statute of limitations issue, the parties proceeded on the assumption that plaintiff was injured as a result of dental treatment by defendant. The evidence presented to the court, therefore, was directed exclusively to the issue of when plaintiff knew or should have known that she had suffered a legal injury.

Plaintiff is a registered nurse. In February 1974 she went to defendant, a dentist, to have an upper right molar filled. She was given two injections of an anesthetic. Plaintiff testified that when the second injection was given, the needle "hit something hard . . . and then it seemed to give way and hit something soft, and when it did I got this shock in my face. . . ." She also testified the shock was "unusual" or "different," but she attributed the sensation to the fact it was her first experience with dual injections. She also felt a slight burning before the area became numb.

After the numbness dissipated, plaintiff had a "plugged-up" feeling on the right side of her face and nose. During the ensuing months she experienced a tingling sensation in the same area, and her right eye occasionally became bloodshot. She also felt pressure behind her eye. She consulted with defendant regarding these problems, and in February 1975, a year after the injections, defendant agreed that she should see a neurologist. That month she saw Dr. Hebertson, who conducted a neurological examination. He testified that he discussed his diagnostic impression with plaintiff and told her that she could have a local infection of the facial nerves such as one might get with shingles or that her complaints might represent some complication of her prior dental injections or her dental surgery. He also suggested the possibility of an arthritic condition in the jaw joints or some other dental source of pain in her mouth and jaw. Over a period of the next two years, plaintiff visited several other doctors and dentists because of recurring flareups of pain and tingling on the right side of her face. She discussed the dental injections with the doctors, but none specifically attributed her ailments to the injections until October 1977, when she was examined by Dr. Sweeney, a neurologist in Cleveland, Ohio, where plaintiff then resided. Dr. Sweeney's diagnosis was that plaintiff was suffering from "atypical facial pain due to causalgia" which was probably caused by the injection three-and-a-half years earlier. Another neurologist, Dr.

Gardner, confirmed that diagnosis and stated:

This patient has suffered causalgia resulting from mechanical more than chemical injury to the maxillary nerve, the second division of the trigeminal or fifth cranial nerve. Onset precisely at the time of dental manipulation does provide a very clearcut etiological relationship to this procedure.

On December 29, 1977, plaintiff served a notice of intent to commence action upon defendant, and her complaint was filed on February 22, 1978, just within the maximum four-year limitation on bringing malpractice suits. In the trial court defendant successfully asserted that the action was barred by another part of the statute of limitations provision of the malpractice statute, § 78–14–4(1), which states:

No malpractice action against a health care provider may be brought unless it is commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury, whichever first occurs. . . .

Plaintiff asserts that she first became aware of her legal injury when a physician first diagnosed her pain as resulting from the injection given her by defendant.

■ *Foil v. Ballinger*, Utah, 601 P.2d 144, 148 (1979),[1] held that "the term discovery of 'injury' in § 78–14–4 means discovery of injury *and the negligence which resulted in the injury*." Thus, the statute of limitations does not necessarily run from the time of the first appearance of symptoms, since "there may be, to the untutored understanding of the average layman, no apparent connection between the treatment . . . and the injury suffered." *Id.* at 147.

In the present case the trial court determined that in fact plaintiff did know or should reasonably have known of the occurrence of a legal injury "at least two years before she served a notice of intent to sue on the defendants and at least two years before she commenced this action against the defendants." The trial court therefore held the action barred and dismissed it with prejudice.

■ The usual rules of appellate procedure require us to view the facts in the light most favorable to the ruling below and to affirm that ruling if it is based on substantial evidence. *Fisher v. Taylor*, Utah, 572 P.2d 393 (1977). The issue for this Court is not whether plaintiff knew or should have known that she had a legal injury more than two years before she commenced her action, but whether the trial court could have so found on the basis of the evidence.

Plaintiff was a registered nurse who had some expertise in the area of medicine involved in this case. She had been trained in the proper method of giving an injection and knew what might occur if an injection were made in a manner which injured a nerve. She testified that the complaints she had following the injection on February 24, 1974, were similar to what she as a nurse would have expected if she had given an injection that caused a nerve injury. Immediately after the injection, and continuing over a period of time, plaintiff experienced a burning and tingling sensation and other discomforts. Plaintiff could be expected to have recognized the possibility that the recurring discomforts were the result of the injection and that a proper injection would not have caused the alleged injury. In addition, she reported the injection incident to several doctors whom she consulted and was told by Dr. Hebertson a year after receiving the injection that her complaints "might represent some complication of her prior dental injections and/or her dental surgery."

1. *Foil* involved an injury that was attributed to a particular medical procedure by a medical panel that issued its report three-and-a-half years after the alleged negligent treatment. The trial court, on a motion for summary judgment, dismissed the complaint for failure to comply with the notice and time limitations of the malpractice act. The case was reversed and remanded for a factual determination as to when the plaintiff knew or should have known of the alleged negligence giving rise to her injuries.

■ We hold there is sufficient evidence in the record to support the finding of the trial court that plaintiff knew or should have known within two years from the date of the injection that the injury she suffered may have been caused by negligence on the part of defendant.

Affirmed. Costs to Respondents.

CROCKETT, C. J., WILKINS and HALL, JJ., and MAURICE HARDING, Retired District Judge, concur.

MAUGHAN, J., does not participate herein; Retired District Judge HARDING sat.