M. Dale BECKSTEAD and Dwight W. Peterson dba D & D Rental, Plaintiffs and Respondents,

v.

Alvin R. SMITH dba Al Smith Construction Company, Defendant and Appellant.

No. 17321.

Supreme Court of Utah.

Nov. 30, 1982.

Alvin R. Smith, pro se.

Nolan J. Olsen, Midvale, for plaintiffs and respondents.

HALL, Chief Justice:

This case is before us on defendant's petition for rehearing, the Court having heretofore affirmed the judgment of the trial court pursuant to an unpublished Per Curiam opinion bearing the date of March 1, 1982, which, by virtue of the granting of this petition for rehearing, is withdrawn.

Neither party appeared at the time set for rehearing. Consequently, the matter is considered as submitted on the briefs alone.

Plaintiffs entered into a contract dated April 24, 1978, to sell some twenty acres of land to defendant. The purchase price of $245,000 was payable $69,500 down, $50,895 on or before February 2, 1979, an additional $50,895 on or before February 2, 1980, and the balance on or before February 2, 1981. Upon receipt of payment in full, plaintiffs agreed to convey title to defendant. Subsequently, on March 16, 1979, the parties executed a separate addendum agreement, the language of which is similar, and of equal import, to that of the earlier contract of April 24, 1978. The addendum reads, in pertinent part as follows:

> [U]pon receipt of said payment ($50,895 due February 2, 1980) Sellers will release to Buyer 4.24 acres of land covered by said contract. The acreage to be released shall be designated by Buyer. [Emphasis added.]

Defendant designated the 4.24 acres for release and offered to make the February 2, 1980 payment upon delivery of a deed. Plaintiffs considered the particular 4.24 acres designated by defendant as an unreasonable request and offered an alternative

5.2 acres in lieu thereof. The evidence is in dispute as to why plaintiffs did not deliver a deed to the designated 4.24 acres, although it is undisputed that defendant did not pay the sum due nor tender his performance. Thereafter, plaintiffs served notice of default, and ultimately initiated this lawsuit. From a judgment in favor of plaintiffs' terminating the contract, defendant appeals.

■ Defendant's first contention on appeal is that his duty to pay and plaintiffs' duty to convey were concurrent acts and that neither could put the other in default without a tender of performance. Defendant further contends that he was excused from tendering his own performance because plaintiffs' alleged refusal to convey the designated acreage constituted a repudiation or anticipatory breach of the contract.

Defendant cites and relies upon the case of *Johnson v. Jones*[1] as supportive of his position. However, his reliance is misplaced. That case restates the familiar rule of law that:

> There is implied in an agreement for the sale of real estate, unless a contrary intention is expressed, that *the vendor shall retain title until the balance of the purchase price is paid.* Where there is an agreement on the part of one to convey and on the part of another to pay a definite sum, payment and conveyance are concurrent acts, *unless a contrary intention appears.* [Emphasis added.]

In the instant case, a *contrary intention* does appear in the clear, unambiguous terms of the contract of the parties by which they are bound. Plaintiffs' performance of conveyance is conditioned upon and not concurrent with defendant's performance of payment. This is to be seen in the language of the initial contract which provides in paragraph 19 thereof that:

> The Seller *on receiving the payments herein reserved to be paid* . . . agrees to

execute and deliver to the Buyer . . . title to the above described premises . . . . [Emphasis added.]

Like language is found in the addendum agreement, wherein it provides:

> *[U]pon receipt* of said payment, Sellers will release to Buyer 4.24 acres of land . . . .

The rule of law recited in *Johnson v. Jones, supra,* causes no hardship on a buyer. If there is a basis for apprehension that the seller will not, or cannot perform, the buyer need only tender payment and demand the seller's performance.

■ In the instant case, defendant concedes that he made no tender of payment, his remaining contention on appeal being that he was excused therefrom.

This is not a case like *Century 21 All Western Real Estate v. Webb,*[2] where the facts were undisputed that the seller refused to convey property free and clear of encumbrances and the buyer refused to pay unless the seller removed the encumbrances. Under those circumstances, we concluded that neither party could default the other without first making a tender of his own agreed performance.

In this case, there is a dispute in the evidence. Therefore, it lies within the prerogative of the trial court to determine where the truth lies, and the rules of appellate review preclude this Court from substituting its judgment for that of the trial court in resolving issues of fact.[3]

There is substantial evidence in the record which supports the conclusion of the trial court that plaintiffs did not refuse to convey, but simply declined to do so unless and until payment was received. Not having made or tendered payment, defendant's contention of error is without merit.

Affirmed. Costs to plaintiffs.

STEWART and DURHAM, JJ., concur.

---

**1.** 109 Utah 92, 164 P.2d 893 (1946).

**2.** Utah, 645 P.2d 52 (1982).

**3.** *Reimschiissel v. Russell,* Utah, 649 P.2d 26 (1982).

OAKS, Justice (dissenting):

The buyer had paid $120,395 of the $245,-000 principal due on the purchase of the 20 acres. An additional payment of $50,895 was due on February 2, 1980. Under the amended agreement, the buyer was entitled to designate 4.24 acres of the subject property for conveyance to him upon making this payment. He made a timely designation and offered to make the Feb. 2, 1980 payment (though not formally tendering the money), but the seller disputed the acreage chosen and offered an alternative 5.2 acres instead. Six weeks after the due date, the seller served a notice of default, and one week later the seller brought this suit and obtained a decree forfeiting the buyer's interest. The majority affirms that decree on the basis that the seller's agreement to convey the 4.24 acres was "conditioned upon and not concurrent with" the buyer's payment, and the buyer made no payment or tender of payment.

The buyer's payment and the seller's partial conveyance were concurrent conditions. Simultaneous obligations, each dependent upon the other, are commonplace in real estate contracts. Such obligations should be interpreted as concurrent conditions unless the contract clearly directs otherwise. The language in this contract ("upon receipt of said payment, Sellers will release to Buyer 4.24 acres of land") does not make these obligations other than concurrent conditions.

As we said in *Century 21 All Western Real Estate v. Webb,* Utah, 645 P.2d 52 (1982), a contract that contemplates simultaneous performance by both parties—*i.e.,* concurrent conditions—can pose "precisely the sort of deadlock meant to be resolved by the requirement of tender." *Id.* at 55. In that circumstance, we held,

> [N]either party can be said to be in default (and thus susceptible to a judgment for damages or a decree for specific performance) until the other party has tendered his own performance. 6 *Corbin on Contracts* § 1258 (1962). *In other words, the party who desires to use legal process to exercise his legal remedies under such*

*a contract must make a tender of his own agreed performance in order to put the other party in default. Huck v. Hayes,* [Utah, 560 P.2d 1124 (1977)]; 15 *Williston on Contracts* § 1809 (3d ed. W. Jaeger 1972). [Emphasis supplied.]

*Id.* at 56.

Under the quoted rule, the district court's finding that this buyer made no payment or tender of payment would prevent the buyer from suing for specific performance of the seller's promise to make the partial conveyance. But the buyer's nonperformance does not entitle the seller to a decree forfeiting the buyer's interest unless the seller has tendered performance of his own concurrent obligation—to convey the acreage designated by the buyer. Since the seller made no such allegation and the court made no such finding, the decree of forfeiture was inappropriate. I would reverse.

HOWE, J., concurs in the dissenting opinion of OAKS, J.