## GUNNISON VALLEY BANK, Plaintiff and Appellant,

### v.

## Jerry MADSEN, Dennis W. Neely and Robert Neely, individually, and Neely Construction, and Interwest Service and Supply, a Utah corporation, Defendants and Respondents.

### No. 18817.

### Supreme Court of Utah.

### July 5, 1984.

Dale M. Dorius, Brigham City, for plaintiff and appellant.

Tex R. Olsen, Richfield, for defendants and respondents.

PER CURIAM.

This case involves application of U.C.A., 1953, § 38–2–3 which governs the determination of priorities between a repairman claiming a lien on personal property and a secured party.

In May, 1979, Jerry Madsen obtained a loan from plaintiff bank. As security therefor, Madsen pledged a 1971 International tractor, a 1969 Kenworth tractor, and a 1953 Lowboy trailer. Thereafter, Madsen and Dennis Neely entered into an agreement wherein the vehicles were to be used in the operation of Neely Construction. When the vehicles became damaged or in need of repairs, Madsen requested that they be delivered to Interwest Service and Supply, a company run by Robert Neely. While making the repairs, Interwest learned that Madsen had declared bankruptcy and that plaintiff had an interest in the vehicles. Interwest contacted plaintiff and ultimately completed the repairs after receiving a letter dated July 14, 1981, from Keith Anderson, plaintiff's vice president.

When plaintiff refused to pay for the repairs, Interwest retained the property. Plaintiff sued all of the named defendants

for possession of the property, together with damages and attorneys fees. Interwest counterclaimed, asserting a repairman's lien and requesting a decree authorizing foreclosure. The court dismissed as parties all of the defendants except Interwest. The court then ruled that Interwest's lien is superior to plaintiff's claims to the property. Plaintiff appeals only the latter ruling.

U.C.A., 1953, § 38-2-3 provides as follows:

> Every person who shall make, alter or repair, or bestow labor upon, any article of personal property at the request of the owner or other person entitled to possession thereof shall have a lien upon such article for the reasonable value of the labor performed and materials furnished and used in making such article or in altering or repairing the same, and may retain possession thereof until the amount so due is paid; provided such lien and right to possession shall be subject and subordinate to the rights and interests of any secured parties in such personal property unless such secured party has requested such person to make, alter or repair or bestow labor upon such property.

The crucial question of this case is whether plaintiff (secured party) requested Interwest (repairman) to make, alter or repair or bestow labor on the subject property.

The letter of July 14, 1981, from plaintiff to Interwest is admittedly ambiguous as to whether plaintiff would be responsible for any repair costs. Nevertheless, the implication is clearly there. In their early discussions about the matter, Interwest told plaintiff it would proceed with the work only if authorized by plaintiff.[1] In his letter, Anderson instructed Interwest not to release the vehicles to Madsen since plaintiff was in the process of repossessing and reselling the vehicles to help satisfy Madsen's obligation. Anderson admitted at trial he may have told Interwest he wanted the vehicles repaired because he intended on showing them to a potential buyer.

Plaintiff suggests the trial court concluded only that plaintiff was aware of the repairs and that it would therefore be inequitable to allow it to take possession without paying for the repairs.[2] Although the court made a comment to that effect from the bench, the formal finding states that plaintiff "authorized" the repairs. We believe that to authorize repairs is tantamount to requesting repairs be made.

Because there is substantial evidence in the record to support the trial court's factual finding, we are obliged to sustain it.[3] The judgment is therefore affirmed. Costs to Interwest.

---

1. It is significant that Interwest went to plaintiff and specifically requested a letter from plaintiff authorizing the repairs. Before continuing work on the vehicles, Interwest waited for the letter to be written and signed. Thus plaintiff should have understood Interwest's reliance on plaintiff.

2. Plaintiff's point is that priority of interests in this case is to be determined solely on the basis of the statute which requires an active "request" by the secured party that the property be repaired.

3. See Reimschiissel v. Russell, Utah, 649 P.2d 26 (1982); Wash-A-Matic, Inc. v. Rupp, Utah, 532 P.2d 682 (1975).